IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KENNETH MILLS,

      Petitioner,                     No. CIV S-03-0341 GEB EFB P

    vs.

EDWARD S. ALAMEIDA, JR., et al.,

      Respondents.              <u>FINDINGS & RECOMMENDATIONS</u>

                           /

        Petitioner is a state prisoner proceeding pro se with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges a 2001 judgment of conviction entered against him in the Solano County Superior Court on the charge of violating probation. He seeks relief on the grounds that: (1) he received ineffective assistance of trial and appellate counsel; and (2) the judgment against him is "illegal." Upon careful consideration of the record and the applicable law, the undersigned recommends that petitioner's application for habeas corpus relief be denied.

/////

/////

/////

/////

1

I.

PROCEDURAL AND FACTUAL BACKGROUND[1]

On July 10, 2000, after full advisement of his rights and the consequences of his change of plea, appellant pled no contest to a charge of violating Penal Code section 422 [threatening to inflict corporal injury]. Before he changed his plea, he was advised that he could be sentenced up to three years in state prison. On November 9, 2000 the court placed appellant on felony probation for three years. He was ordered not to annoy, harass, or threaten the victim and obey all laws.

On January 9, 2001 probation was summarily revoked because of appellant's arrest on January 6, 2001 for a violation of Penal Code section 273.5 [willful infliction of corporal injury on a cohabitant], again involving the same victim. At a combined preliminary hearing and probation revocation hearing on January 29, 2001, the court dismissed the motion to revoke probation after the victim failed to appear to testify. The court ruled that the attempt to use her hearsay statements resulted in unreliable evidence for purposes of probation revocation. However, the court found sufficient evidence to hold appellant to answer through the sworn testimony of a law enforcement officer under Penal Code section 872, subd. (b).

On April 9, 2001, appellant appeared for a jury trial. Before jury selection, the court held an Evidence Code section 402 hearing to determine if prior acts of domestic violence could be used as evidence by the People. The victim testified at length about the January 6, 2001 incident and other incidents of domestic violence. After hearing the evidence, the court disallowed a 1979 incident as too remote but allowed incidents from 1987, 1989, 1993, 1997, and 2000 under Evidence Code section 1109. Defense Counsel then asked to approach the bench. The discussion was not reported. The investigating officer was then called to testify about the victim's statements how appellant hit her in the face with a closed fist. Four photographs of the injury were authenticated. The people then asked that "a probation violation be heard by the evidence just presented." Defense counsel agreed that the section 402 hearing could be considered a probation revocation hearing. Defense counsel waived argument, the court found a violation, and revoked appellant's probation. Appellant asked to go to trial. Both counsel had an unreported conference at the bench after the People suggested that sentencing on the probation violation might be dispositive of the pending case. The court advised appellant

---

[1] This statement of facts is taken from the January 28, 2002, opinion by the California Court of Appeal for the First Appellate District (hereinafter Opinion), at pgs. 1-3, appended as Exhibit A to Respondents' Answer, filed on May 21, 2003.

that the sentencing on his Penal Code section 422 violation could occur then or the matter could be referred to probation for its recommendation. The court said it would impose two years in state prison if he were sentenced then. Appellant told the court to send him on to prison but he wanted his jury trial. The court explained that if appellant were sentenced that day to two years, the People would dismiss his pending case. Appellant complained about not getting a chance to explain his side and asked to testify. The court reopened the probation revocation hearing, took extensive testimony from appellant who denied he hit the victim and blamed the incident on the victim's drinking. The court asked both sides if they had any further evidence. The case was submitted, and the court again found a violation, based in part on the photographs of the injuries and disbelief of appellant's version of what transpired. The court asked if the matter should be sent to probation for a report. Appellant said that he would rather go to prison. Defense counsel waived a supplemental report. In response to whether the court should proceed that day, appellant replied, "Send me to prison." Whereupon a sentence of two years was imposed. The People then dismissed the pending Penal Code section 273.5 case.

## II.

## ANALYSIS

A. <u>Standards for a Writ of Habeas Corpus</u>

Federal habeas corpus relief is not available for any claim decided on the merits in state court proceedings unless the state court's adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Under section 2254(d)(1), a state court decision is "contrary to" clearly established United States Supreme Court precedents "if it 'applies a rule that contradicts the governing law set forth in [Supreme Court] cases', or if it 'confronts a set of facts that are materially indistinguishable from a decision'" of the Supreme Court and nevertheless arrives at a different result. *Early v. Packer*, 573 U.S. 3, 8 (2002) (quoting *Williams v. Taylor*, 529 U.S. 362,

3

1  405-406 (2000)).

2  Under the "unreasonable application" clause of section 2254(d)(1), a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from the Supreme Court's decisions, but unreasonably applies that principle to the facts of the prisoner's case. *Williams*, 529 U.S. at 413. A federal habeas court "may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id*. at 412; *see also, Lockyer v. Andrade*, 538 U.S. 63, 75 (2003) (it is "not enough that a federal habeas court, in its independent review of the legal question, is left with a 'firm conviction' that the state court was 'erroneous.'")

The court looks to the last reasoned state court decision as the basis for the state court judgment. *Avila v. Galaza*, 297 F.3d 911, 918 (9th Cir. 2002). Where the state court reaches a decision on the merits but provides no reasoning to support its conclusion, a federal habeas court independently reviews the record to determine whether habeas corpus relief is available under section 2254(d). *Delgado v. Lewis*, 223 F.3d 976, 982 (9th Cir. 2000).

B. State Court Opinion

On direct appeal of his conviction for violating parole, petitioner's appellate counsel filed a "*Wende*" brief in which he raised no issues but requested that the appellate court conduct an independent examination of the record. *See, People v. Wende*, 25 Cal.3d 436 (1979). Counsel raised three possible issues under *Anders v. California*, 386 U.S. 738 (1967) for the court's consideration in its review of the record.[2] The appellate court reviewed the record on appeal and found no meritorious issues. The court explained its reasoning as follows:

> The prior dismissal of the probation revocation petition on January 29, 2001 did not preclude the subsequent probation revocation on

---

[2] In *Anders*, the United States Supreme Court suggested that a request by appellate counsel to withdraw from an appeal be accompanied by a brief referring to anything in the record that might arguably support the appeal. 386 U.S. at 744.

4

> April 9, 2001. The prior hearing was dismissed because the victim did not appear to testify and the hearsay evidence was deemed unreliable for purposes of revocation. The inadequate hearing and dismissal did not implicate any statutory, due process, or policy reasons to preclude the second hearing (Cf. *People v. Villines* (1987) 192 Cal.App.3d 1298). *Res judicata* and collateral estoppel are not involved in these circumstances.
>
> Appellant impliedly waived notice of the second hearing when, represented by counsel, he asked to testify to explain his side and fully participated in the hearing. His counsel did not object to the procedure. Moreover, the record does not indicate that the appellant's due process rights were impacted or that he was prejudiced in any way by the proceeding. If notice had been given, the hearing and outcome would have been the same. There were no objections to the procedure and no prejudice to appellant.
>
> Substantial evidence supports the court's finding. There was no error in the sentencing. No issues require further briefing.
>
> The judgment is affirmed.

Opinion at 3.

C. Petitioner's Claims

   1. Ineffective Assistance of Counsel

Petitioner claims that he received ineffective assistance of trial and appellate counsel. After setting forth the applicable legal principles, the court will evaluate these claims in turn below.

      a. Legal Standards

The Sixth Amendment guarantees the effective assistance of counsel. The United States Supreme Court set forth the test for demonstrating ineffective assistance of counsel in *Strickland v. Washington*, 466 U.S. 668 (1984). To support a claim of ineffective assistance of counsel, a petitioner must first show that, considering all the circumstances, counsel's performance fell below an objective standard of reasonableness. *See, Strickland*, 466 U.S. at 687-88. After a petitioner identifies the acts or omissions that are alleged not to have been the result of reasonable professional judgment, the court must determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally

5

competent assistance. *Id*. at 690; *Wiggins v. Smith*, 539 U.S. 510, 521 (2003).  Second, a petitioner must establish that he was prejudiced by counsel's deficient performance. *Strickland*, 466 U.S. at 693-94.  Prejudice is found where "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694.  A reasonable probability is "a probability sufficient to undermine confidence in the outcome." *Id*.  *See also Williams*, 529 U.S. at 391-92; *Laboa v. Calderon*, 224 F.3d 972, 981 (9th Cir. 2000).  A reviewing court "need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies . . . .  If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice . . . that course should be followed." *Pizzuto v. Arave*, 280 F.3d 949, 955 (9th Cir. 2002) (quoting *Strickland*, 466 U.S. at 697).

In assessing an ineffective assistance of counsel claim "[t]here is a strong presumption that counsel's performance falls within the 'wide range of professional assistance.'" *Kimmelman v. Morrison*, 477 U.S. 365, 381 (1986) (quoting *Strickland*, 466 U.S. at 689).  There is in addition a strong presumption that counsel "exercised acceptable professional judgment in all significant decisions made." *Borg*, 898 F.2d 695, 702 (9th Cir. 1990) (citing *Strickland*, 466 U.S. at 689).  However, that deference "is predicated on counsel's performance of sufficient investigation and preparation to make reasonably informed, reasonably sound judgments." *Mayfield v. Woodford*, 270 F.3d 915, 927 (9th Cir. 2001) (en banc).

The *Strickland* standards apply to appellate counsel as well as trial counsel. *Smith v. Murray*, 477 U.S. 527, 535-36 (1986); *Miller v. Keeney*, 882 F.2d 1428, 1433 (9th Cir. 1989).  However, an indigent defendant "does not have a constitutional right to compel appointed counsel to press nonfrivolous points requested by the client, if counsel, as a matter of professional judgment, decides not to present those points." *Jones v. Barnes*, 463 U.S. 745, 751 (1983).  Counsel "must be allowed to decide what issues are to be pressed." *Id*.  Otherwise, the ability of counsel to present the client's case in accord with counsel's professional evaluation

would be "seriously undermined." *Id. See also Smith v. Stewart*, 140 F.3d 1263, 1274 n.4 (9th Cir. 1998) (Counsel is not required to file "kitchen-sink briefs" because it "is not necessary, and is not even particularly good appellate advocacy.")  There is, of course, no obligation to raise meritless arguments on a client's behalf. *See Strickland*, 466 U.S. at 687-88 (requiring a showing of deficient performance as well as prejudice).  Thus, counsel is not deficient for failing to raise a weak issue. *See Miller*, 882 F.2d at 1434.  In order to establish prejudice in this context, petitioner must demonstrate that, but for counsel's errors, he probably would have prevailed on appeal. *Id*. at 1434 n.9.

    b. <u>Trial Counsel</u>

    Petitioner claims that his trial counsel rendered ineffective assistance when she gave him an incomplete copy of the transcript of the January 29, 2001 hearing wherein the trial court dismissed the prosecution motion to revoke his probation.  Petitioner states that the transcript was missing the pages which reflected the dismissal of the motion.  Petitioner also complains that his trial attorney tried to persuade him to plead guilty at the April 9, 2001 trial proceedings, but he insisted on having a "jury trial;" and that counsel left the courtroom while it was in session, leaving petitioner alone in court for 45 minutes.  Pet. at 5.

    Petitioner has failed to demonstrate prejudice with respect to these claims.  Even assuming *arguendo* that petitioner's trial counsel gave petitioner an incomplete transcript of the January 29, 2001 proceeding, there is no indication in the record that petitioner suffered any prejudice.  The alleged missing pages simply reflect the fact of the dismissal of the motion. Petitioner does not state that he was unaware that the probation revocation motion had been dismissed on January 29, 2001.  Moreover, the circumstances compel the conclusion that he knew of the dismissal.  The transcript of the proceedings reflects that petitioner was present at the hearing, at the end of which the judge ruled as follows: "I think the inability to confront and cross-examine the victim or accusing party is inadequately developed at a probation revocation hearing, is not present, so that allegation that he violated a term of his probation is dismissed."

7

Reporter's Transcript on Appeal (RT), proceedings dated Jan. 29, 2001, at 3, 17. There is no indication in the record that the probation violation motion was improperly dismissed, and petitioner has failed to explain how the result of the subsequent probation revocation hearing would have been any different had he been given the allegedly missing pages from the transcript of the first hearing – pages which simply verified information he had already heard.

Petitioner has also failed to demonstrate prejudice with respect to his claim that his trial attorney tried to convince him to waive his right to a jury trial on the substantive charges of a violation of Cal. Pen. Code § 273.5 (willful infliction of corporal injury on a cohabitant). The record reflects that those charges were ultimately dismissed after petitioner was found guilty of the probation violation. RT, proceedings dated April 9, 2001, at 93-95. Accordingly, petitioner is unable to show that he was prejudiced by the lack of a jury trial. The court also notes that at the hearing on April 9, 2001, petitioner appeared to be concerned primarily with "telling [his] side." *Id.* at 71. As a result of his insistence on testifying, petitioner was able to explain his side of the story to the trial judge in connection with the probation revocation proceeding. *Id.* at 72-90. Petitioner was not precluded from testifying due to the lack of a jury trial.

Petitioner also claims that he was left alone in the courtroom for 45 minutes while court was in session. He provides no details regarding the nature of the proceedings during that 45 minute interval. There is no evidence in the record before this court that petitioner's trial counsel left the courtroom during any significant proceedings or that petitioner suffered prejudice from her absence. Accordingly, he has failed to demonstrate either deficient performance or prejudice with respect to this claim and it should be denied. *Jones v. Gomez*, 66 F.3d 199, 204 (9th Cir. 1995) ("'[c]onclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief'") (quoting *James v. Borg*, 24 F.3d 20, 26 (9th Cir. 1994)).

The decision of the California courts denying petitioner's claim of ineffective

assistance of trial counsel is not contrary to or an unreasonable application of United States Supreme Court authority.  Accordingly, petitioner is not entitled to habeas corpus relief.[3]

### c. Appellate Counsel

Petitioner claims that his appellate counsel rendered ineffective assistance because the opening brief on appeal stated in a footnote that counsel was waiting for records from "Contra Costa County," when petitioner's case was actually held in Solano County.  Pet. at 6.  Petitioner is apparently contending that his appellate counsel was confused about the facts of petitioner's case.

The record reflects that in his opening brief pursuant to *People v. Wende*, counsel noted in the "statement of the case" section of the brief that after pronouncing sentence on the probation violation, the trial court referred computation of credits for time served to the probation department and set the matter for further hearing.  Answer, Ex. B at 10.  Counsel then included a footnote, as follows:

> The record on appeal has nothing further on this issue.  Counsel has requested the trial court records for June 1, 2001, from Contra Costa County by letters of 12/62001 (sic) and 12/7/2001 (with copies to the Court of Appeal).  Any questions re credits will be addressed initially to the trial court.

*Id*.  It appears to this court that the footnote challenged by petitioner merely advised the state appellate court that further records from another case were being sought because they might be relevant to a computation of the time credits to which petitioner was entitled.  There is no evidence in the record that the footnote was erroneous in any respect or that petitioner suffered

---

[3] Although respondent addresses the issue, petitioner does not raise a claim that he failed to receive notice of the second probation revocation hearing.  In any event, the California Court of Appeal noted that petitioner's counsel expressly waived notice, concluded that petitioner impliedly waived notice when he asked to testify, and found that petitioner suffered no prejudice from a lack of notice.  Petitioner has not cited any federal cases to the contrary and has not established that the appellate court's decision in this regard is contrary to or an unreasonable application of United States Supreme Court authority, or based on an unreasonable determination of the facts.  There is no evidence that petitioner was misled as to the nature of the proceedings and petitioner's testimony reflects that he had adequate notice and actual knowledge of the probation revocation charge against him.

prejudice from counsel's attempt to obtain further records.

Petitioner has failed to demonstrate either substandard performance or prejudice with respect to this claim. Accordingly, the claim should be denied.

2. <u>Illegal Judgment</u>

Petitioner claims that he was sentenced based on an "illegal judgment." Pet. at 5. Petitioner first complains that he was denied a jury trial in case No. VC151664, which charged petitioner with a violation of Cal. Pen. Code § 273.5. However, as described above, that case was voluntarily dismissed by the prosecutor following petitioner's conviction for the probation violation. To the extent petitioner is arguing he was entitled to a jury trial on the probation violation, his claim lacks merit and should be denied. Criminal defendants have no federal due process right to a jury trial in a probation revocation proceeding. *See Black v. Romano*, 471 U.S. 606, 611-12 (1985); *Gagnon v. Scarpelli*, 411 U.S. 778, 786 (1973); *United States v. Segal*, 549 F.2d 1293, 1298-99 (9th Cir. 1977).

Petitioner also claims that his conviction for violating probation was based on insufficient evidence. Specifically, he states that he had "[no] witness state on stand that I violated any Calif. laws, or committed any crime." Pet. at 5. The Due Process Clause of the Fourteenth Amendment "protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In re Winship*, 397 U.S. 358, 364 (1970). The court must review the entire record when the sufficiency of the evidence is challenged in habeas proceedings. *Adamson v. Ricketts*, 758 F.2d 441, 448 n.11 (9th Cir. 1985), *vacated on other grounds*, 789 F.2d 722 (9th Cir. 1986) (en banc), *rev'd*, 483 U.S. 1 (1987). There is sufficient evidence to support a conviction if, "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). *See also Prantil v. California*, 843 F.2d 314, 316 (9th Cir. 1988) (per curiam). "[T]he dispositive question under *Jackson* is 'whether the record evidence could

reasonably support a finding of guilt beyond a reasonable doubt.'" *Chein v. Shumsky*, 373 F.3d 978, 982 (9th Cir. 2004) (quoting *Jackson*, 443 U.S. at 318). A petitioner for a federal writ of habeas corpus "faces a heavy burden when challenging the sufficiency of the evidence used to obtain a state conviction on federal due process grounds." *Juan H. v. Allen*, 408 F.3d 1262, 1274, 1275 & n.13 (9th Cir. 2005). In order to grant the writ, the federal habeas court must find that the decision of the state court reflected an objectively unreasonable application of *Jackson* and *Winship* to the facts of the case. *Id.*

After reviewing the record, this court concludes that there was sufficient evidence introduced at the probation revocation hearing to establish petitioner's guilt beyond a reasonable doubt. Contrary to petitioner's claim that no witnesses testified he violated any law or committed any crime, the victim testified that petitioner hit her in the face and caused swelling, the officer who responded to the 911 call testified as to his observation of the victim's injuries, and photographs of the injuries were admitted into evidence. RT, proceedings dated April 9, 2001, at 51-52, 56, 92-93; Answer, Ex. A at 2. Because there was substantial evidence presented at trial to support petitioner's conviction on the charge of violating probation, the state court's decision denying this claim is not "objectively unreasonable" and should not be set aside *Woodford v. Visciotti*, 537 U.S. 19, 25 (2002). *See also* 28 U.S.C. § 2254(d)(1).

Petitioner has failed to demonstrate that his conviction for violating probation violated his right to due process or any of his federal constitutional rights. Accordingly, petitioner is not entitled to relief on his claim that his conviction is "illegal."[4]

---

[4] In the petition, petitioner appears to claim that his abstract of judgment contains errors with respect to the signature block and/or a case number or date. Pet. at 6. To the extent that these vague comments are intended as a separate claim, they lack merit and must be denied. Petitioner has failed to demonstrate a federal constitutional violation resulting from errors, if any, in his abstract of judgment.

Petitioner has also filed numerous letters and other papers with the court. *See e.g.*, docket Nos. 2, 5, 6. The court has read and considered all of these documents in connection with these findings and recommendations. For the reasons stated above, petitioner has failed to demonstrate that the decision of the California Court of Appeal denying his claims is contrary to

1  For all of the foregoing reasons, IT IS HEREBY RECOMMENDED that
2 petitioner's application for a writ of habeas corpus be denied.

3  These findings and recommendations are submitted to the United States District
4 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty
5 days after being served with these findings and recommendations, any party may file written
6 objections with the court and serve a copy on all parties.  Such a document should be captioned
7 "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
8 shall be served and filed within ten days after service of the objections.  The parties are advised
9 that failure to file objections within the specified time may waive the right to appeal the District
10 Court's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

11 DATED:   September 5, 2006.

_\[signature\]_
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

8:mills341.hc

---

or an unreasonable application of United States Supreme Court authority.  Accordingly, petitioner is not entitled to federal habeas corpus relief.